In re POUPIN.

Patent Appeal No. 4810.

Court of Customs and Patent Appeals.

Feb. 7, 1944.

E. F. Wenderoth, of Washington, D. C. (A. Ponack, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Five apparatus claims in appellant's application for a patent relating to a method and apparatus for "crushing of stone and ore" were allowed by the Primary Examiner of the United States Patent Office, and claim 11, which is the only claim involved here—a method claim—was rejected as not being inventive over a patent to Smith et al., No. 1,605,007, November 2, 1926.

The claim reads as follows: "11. The method of reducing abrasion in shear-compressing crushing which includes delivering the particles to be crushed in an unconsolidated stream along a predetermined path leading to the convergence of a rapidly revolving conical shell and a truncated head located eccentrically inside said shell thus crushing the material in such a manner that the crushing force is decomposed into a diametrical crushing force which prevents slippage of the particles across the crushing surfaces and a shear crushing force, thereby causing the fracture into smaller pieces which are directed outwardly to be further crushed at a closer distance between said shell and head until the material passes out through the minimum opening between the two revolving elements and is centrifugally discharged."

Upon appeal to the Board of Appeals, the decision of the examiner in rejecting said claim 11 was affirmed. From the decision of the board, the applicant has here appealed.

While the claim at bar calls for "the method of reducing abrasion in shear-compressing crushing," the application as filed does not stress the importance of reducing abrasion. The invention of the application is concerned with a crushing apparatus for crushing stone and ore and comprises a large member having a conical cavity therein and an interiorly located cone-shaped member which revolves within said cavity. The two members are arranged with their axes out of alignment, and means are provided for rotating the members at the same angular speed and in the same direction. The material to be crushed is fed into the space between the members at the upper side, the space there being much wider than the space at the lower side. As the members turn and the material proceeds farther into the device, the space between the corresponding surfaces of the two members decreases, which brings about a crushing or shearing force.

In urging the allowance of the method claim at bar, appellant, with commendable thoroughness and accuracy of expression, argues at great length that he has devised

a method not disclosed in the prior art, whereby he avoids a slipping of the material to be crushed and the resultant abrasion of the particles which produces "fines," and that the production of "fines" in this art is to be avoided if possible. He argues that since his device operates so that both rotating members rotate at the same speed and are separately driven, he brings about a crushing action which avoids slippage and thus accomplishes the desired purpose of minimizing the amount of "fines."

The Smith et al. patent discloses a crushing mill much like that of appellant except that it differs in two particulars. First, the patentees feed their material in with a screw conveyor from the apex end of the conical shell member, while appellant feeds his device from the opposite side and at the top, where the space between the two members is the widest. Second, the patentees' conical member is not separately geared or independently operated. It revolves in harmony with the revolution of the concave member by reason of the contact it has with the material being crushed.

It was the view of the examiner that there was nothing about the difference in the place where the material was fed into the respective devices that amounted to invention, but was "no more than a mere matter of choice." The examiner also concluded that the "crushing forces involved are obviously substantially the same and the method performed in the operation of the Smith et al. device must necessarily be substantially the same as that called for by claim 11."

The Board of Appeals agreed with the examiner and stated: "Appellant urges that his device not only crushes but has a shearing action on material placed between two positively rotated elements, one a conical shell and the other a truncated head fitted within the shell. On examination of the appealed claim, we find that it distinguishes primarily from Smith et al. only in the mode of feeding material between the conical shell and the truncated head. We are not satisfied that this is a patentable distinction."

It will be noted that in the claim involved there is no mention of the fact that in appellant's method the cone which is located eccentrically inside the shell is separately driven. It is also to be noted that in the application as originally filed, appellant submitted a method claim which emphasized the feature of a separately powered conical member, but that claim was later canceled.

It was the view of the examiner and of the board that the claim, which calls for a diametrical crushing force which prevents slippage, was not inventive over the Smith et al. patent for the reason that it was not shown, nor were they convinced, that the same force with the same result was not obtained in the Smith et al. device. The Patent Office tribunals concluded that whatever force was applied in appellant's device, no matter how theoretically explained, was inherent in the device of Smith et al.

We have carefully considered appellant's thorough brief and have read his lengthy discussion of the manner in which his device operates with great interest. It may be that a crushing mill with a conical member which rotates in response to the rotation of the shell and not from its own gearing may bring about a different kind of pressure from that in a device like appellant's. There is nothing in this record, however, that convinces us (notwithstanding appellant's thorough theoretical argument) that the tribunals below were in error in concluding that the same crushing forces employed by appellant were inherent in the reference device.

We call attention again to the fact that in appellant's specification he apparently was not concerned with reducing abrasion and that the method claim at bar has been urged upon a theory not taught in the original application. The claim does not distinguish over the reference except in terms of result, and the inventive feature which obviously prompted the allowance of five apparatus claims is not defined in the appealed claim.

We are not convinced that the Patent Office tribunals were in error in holding that the involved claim called for nothing inventive over the disclosure of the Smith et al. patent, and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.